**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TROY LEAKS, | : | **Hon. Robert B. Kugler** |
|  | : |  |
| Petitioner, | : | Civil No. 04-6185 (RBK) |
|  | : |  |
| v. | : |  |
|  | : |  |
| FEDERAL BUREAU OF PRISONS, | : | **O P I N I O N** |
|  | : |  |
| Respondent. | : |  |

**APPEARANCES:**

> TROY LEAKS, #57576-066
> F.C.I. Fort Dix Camp
> P.O. Box 1000
> Fort Dix, New Jersey  08640
> Petitioner Pro Se
>
> DOROTHY J. DONNELLY, ASSISTANT UNITED STATES ATTORNEY
> CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
> 402 East State Street, Room 430
> Trenton, New Jersey  08608
> Attorney for Respondents

**KUGLER**, District Judge:

Christopher Troy Leaks, an inmate confined at the Federal Correctional Institution at Fort Dix, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the legality of a policy change implemented by the Bureau of Prisons ("BOP") in December 2002, which was used to determine his eligibility date for pre-release custody.  In response to this Court's Order to answer, the United States Attorney's Office filed a letter dated March 4, 2005, advising

this Court that the Bureau of Prisons ("BOP") has decided to redetermine Petitioner's community corrections center placement date in accordance with the policy and practices it followed prior to the December 2002 policy change.  On December 23, 2005, the BOP released Petitioner from custody.  For the reasons expressed below, the Court dismisses the Petition as moot.

## I.   BACKGROUND

Petitioner challenges a change in BOP's longstanding policy of designating a community corrections center ("CCC") or halfway house as the place of confinement for federal prisoners during the last six months of the term of imprisonment.  Pursuant to a memorandum from the Office of Legal Counsel in the Department of Justice ("OLC memorandum"), effective December 20, 2002, BOP implemented a policy of limiting designations to a CCC to the lesser of the last 10% of the sentence or six months.  As a result of the change in policy, BOP determined Petitioner was not eligible for CCC placement during his 18-month sentence prior to November 11, 2005, 46 days prior to expiration of his sentence on December 27, 2005.  Petitioner asserts that under the policy and practices in effect prior to the December 2002 policy change, he would have been eligible for CCC placement for six months, effective June 27, 2005.  Relying on Goldings v. Winn, 383 F.3d 17 (1st Cir. 2004), Scott v. BOP, 317 F. Supp. 2d 529 (D.N.J. 2004), and Cestaro v. DeRosa, Civil No. 04-792 (RBK) opinion

(D.N.J. July 5, 2004), Petitioner contends that the OLC memorandum and consequent change in BOP policy illegally limits the statutory authority of BOP to designate any penal or correctional facility that it determines to be appropriate as the "place of imprisonment."  See 18 U.S.C. § 3621(b).

On January 13, 2005, this Court ordered Respondents to file an answer to the Petition, accompanied by a certified copy of the administrative record and all documents relating to Petitioner's claim, on or before March 14, 2005.  Respondents did not file an answer or the relevant documents.  Rather, by letter to the Court dated March 4, 2005, the United States Attorney's Office indicated that BOP has decided to redetermine Petitioner's CCC placement date pursuant to the policy and practices it followed prior to December 20, 2002.

It is undisputed that on December 23, 2005, the BOP released Petitioner from custody upon the service of his term of incarceration.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are

satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the execution of his sentence and he was incarcerated in New Jersey at the time he filed the Petition.  See Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005); Spencer v. Kemna, 523 U.S. 1 (1998).  The question here is whether BOP's release of Petitioner on December 23, 2005, caused the Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution.  See Spencer, 523 U.S. at 7; DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Miller v. Fed. Bureau of Prisons, 147 Fed. Appx. 302, 307 (3d Cir. 2005).

The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. art. III, § 2.  "This

"case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit." Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In this case, Petitioner challenges the date on which he became eligible for CCC placement. When BOP released Petitioner, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7; see also United States v. Johnson, 529 U.S. 53 (2000) (statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment). As the Third Circuit noted in an unpublished opinion in which the Court determined the invalidity of the December 2002 policy (but did not rule on the validity of the February 2005 regulations), "[b]ecause of the short sentence, the necessity of securing the views of the Government . . . and the time necessary to study and opine on these complicated issues, the likelihood of [Petitioner] getting

5

an earlier transfer to a CCC was always minimal." Miller v. Fed. Bureau of Prisons, 147 Fed. Appx. 302, 307 (3d Cir. 2005).  The Court therefore dismisses the Petition as moot.

### III.  CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.


                                        S/Robert B. Kugler
                                        ROBERT B. KUGLER, U.S.D.J.


Dated:   February 27  , 2006